IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ERNESTINA CAZARES SANTILLAN, individually and as the surviving mother of JUAN PABLO PEREZ SANTILLAN and as successor-in-interest to the estate of JUAN PABLO PEREZ SANTILLAN; AMADA CAROLINA MARTINEZ MORALES, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of JUAN PABLO PEREZ SANTILLAN and successors-in-interest of the estate of JUAN PABLO PEREZ SANTILLAN; STAPLETON & STAPLETON, a Texas General Partnership, and ED STAPLETON, *Plaintiffs,* | § | |
| | § | Civil Action No. _____________ |
| v. | § | |
| | § | JURY DEMANDED |
| MARC G. ROSENTHAL and ROSENTHAL & WATSON, A Professional Corporation, in its common and assumed name, *Defendants*. | § | |

COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, plaintiffs, ERNESTINA CAZARES SANTILLAN, individually and as the surviving mother of JUAN PABLO PEREZ SANTILLAN and as successor-in-interest to the estate of JUAN PABLO PEREZ SANTILLAN (hereafter "CAZARES"), AMADA CAROLINA MARTINEZ MORALES, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of JUAN PABLO PEREZ SANTILLAN and successors-in-interest of the estate of JUAN PABLO PEREZ SANTILLAN (hereafter

"MARTINEZ"); STAPLETON & STAPLETON, a Texas General Partnership, and ED STAPLETON, in the above titled and numbered cause, pursuant to 28 U.S.C. §§ 2201 and 2202, Texas Government Code § 82.0651 Texas Penal Code § 38.12, Fed. R. Civ. Pro. 65 and 28 U.S.C. §§ 1331 and 1343, bringing a declaratory judgment action, moving for a preliminary injunction and bringing claims against MARC G. ROSENTHAL and ROSENTHAL & WATSON, A Professional Corporation, in its common and assumed name, and would respectfully show the Court as follows:

## I.
## Introduction

1. Plaintiffs, CAZARES, MARTINEZ and STAPLETON & STAPLETON, bring a declaratory judgment action asking the Court to declare the rights and other legal relations between them and defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, relating to the legal representation of plaintiffs, CAZARES and MARTINEZ, for injuries described in the civil action pending in this court under the style *Ernestina Cazares Santillan, individually and as the surviving mother of Juan Pablo Perez Santillan and as successor-in-interest to the estate of Juan Pablo Perez Santillan, Amada Carolina Martinez Morales, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of Juan Pablo Perez Santillan and successors-in-interest of the estate of Juan Pablo Perez Santillan v. The United States of America; Unknown Name Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice*; IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION; Civil Action No. B-12-cv-149 (hereafter "No. B-12-cv-149"). Pursuant to Texas

Government Code § 82.0651, plaintiffs, CAZARES and MARTINEZ, seek to have this Court declare any contract they may be alleged to have with defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, to be void because it was procured as a result of conduct violating the laws of the State of Texas and/or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas regarding barratry by attorneys or other persons. Plaintiffs, CAZARES and MARTINEZ, also seek to have this Court declare that defendants are not entitled to any compensation with respect to plaintiffs' injuries as described in No. B-12-cv-149. Plaintiff, STAPLETON & STAPLETON, brings a claim for tortious interference with contract. Plaintiffs, STAPLETON & STAPLETON and ED STAPLETON, move for a preliminary injunction prohibiting defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, their officers, agents, servants, employees & attorneys from contacting CAZARES and MARTINEZ, their family members or friends, and from interfering the STAPLETON's representation of CAZARES and MARTINEZ, in No. B-12-cv-149, until the merits of the instant action are determined.

2. Plaintiff pleading complies with the requirements of Federal Rule of Civil Procedure 8(a)(2).[1]

## II.
## Parties

3. Plaintiff, ERNESTINA CAZARES SANTILLAN, individually and as the surviving mother of JUAN PABLO PEREZ SANTILLAN and as successor-in-interest to the estate of JUAN PABLO PEREZ SANTILLAN, is, and was during all relevant times, a citizen of the Republic of Mexico.

[1] *Ashcroft v. Iqbal*, 556 U.S. 129 (2009)(holding that to satisfy the "plausible on its face" requirement in Fed. R. Civ. Pro. 8(a)(2) "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

4. Plaintiff, AMADA CAROLINA MARTINEZ MORALES, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of JUAN PABLO PEREZ SANTILLAN and successors-in-interest of the estate of JUAN PABLO PEREZ SANTILLAN, is, and was during all relevant times, a citizen of the Republic of Mexico.

5. Plaintiff, STAPLETON & STAPLETON, a Texas General Partnership, is organized under the laws of the State of Texas with its principle office in Brownsville, Texas.

6. Plaintiff, ED STAPLETON, is an individual, resident of Brownsville, Texas.

7. Defendant, MARC G. ROSENTHAL, is an individual, resident of Austin, Texas. Mr. Rosenthal may be served with process at his place of business, ROSENTHAL & WATSON, A Professional Corporation, at 6601 Vaught Ranch Rd., Ste. 200, Austin, Texas 78730.

8. Defendant, ROSENTHAL & WATSON, A Professional Corporation, in its common and assumed name, is a corporation organized under the laws of the State of Texas with its principle office in Austin, Texas. Said entity may be served by serving its registered agent, MARC G. ROSENTHAL, at 6601 Vaught Ranch Rd., Ste. 200, Austin, Texas 78730.

## III.
## Jurisdiction and Venue

9. Pursuant to U.S. Const. art. 3, §2 and 28 U.S.C. §1331, this Court has jurisdiction over this matter. In particular this action involves the prosecution of a civil rights matter against employees of the United States of America. Pursuant to 28 U.S.C. 1391(b)(2), this matter is brought in the proper venue.

## IV.
## Statement of Facts

10. On or about July 7, 2012, while in the Republic of Mexico, Juan Pablo Perez Santillan, was shot and killed by a United States Border Patrol Officer who was in the United States of

America. The Mexican Consulate plays a vital protective role in cases involving violence against Mexican nationals by the United States of America and its citizens and has a desire consistent with national interest and the interest of its citizens to see that civil claims such as those being litigated in No. B-12-cv-149 are handled in accordance with the law. The Mexican Consulate is cognizant of American lawyers violating the laws of the State of Texas and/or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas when attempting to secure the rights to represent citizens of the Republic of Mexico. For more than two (2) yeasrs, ED STAPLETON has represented numerous Mexican nationals at the request of the Mexican Consulate.

11. On or about July 10, 2012, plaintiff, CAZARES, met with ED STAPLETON at the Port of Entry in Brownsville, Texas. The Mexican Consulate reviewed the terms and conditions of contained in the representation agreement offered by STAPLETON & STAPLETON and CAZARES executed the representation agreement (hereafter ED STAPLETON and STAPLETON & STAPLETON will be collectively referred to as “STAPLETON”), to represent them in an action against the United States of America and a certain number of its agencies for the death of Juan Pablo Perez Santillan. *See* STAPLETON REPRESENTATION AGREEMENT 1 (attached hereto as **Exhibit “1.a.”**). At that time and place, STAPLETON tendered a copy of a proposed representation agreement to MARTINEZ through the Mexican Consulate. MARTINEZ executed a representation agreement with STAPLETON. *See* STAPLETON REPRESENTATION AGREEMENT 2 (attached hereto as Exhibit “1.b.”)On July 19, 2012, MARC G. ROSENTHAL and ROSENTHAL & WATSON (hereafter collectively referred to as “ROSENTHAL”) delivered to STAPLETON in Brownsville, Texas correspondence claiming to represent CAZARES and MARTINEZ. *See* ROSENTHAL LETTER DATED JULY 19, 2012 (attached

hereto as **Exhibit "2"**).  On July 22, 2012, while in the presence of the Mexican Consulate and in its office, STAPLETON spoke to CAZARES who affirmed that she signed a representation agreement with ROSENTHAL's agents because they had intimidated her with threats of violence and had given her and MARTINEZ each $1,000.00, along with the promise of buying them a home.  At that time, arrangements were made to reduce these statements to writing before a notario publico.

12. On July 23, 2012, with the assistance of the Mexican Consulate, CAZARES and MARTINEZ provided a sworn and notarized statement which stated:

   a. That on July 19, 2012, a group of agents from ROSENTHAL appeared at the home of CAZARES, without request or previous representation, for the purpose of representing her in relation to the death of Juan Pablo Perez Santillan.  *See* SWORN AND NOTARIZED STATEMENT (attached hereto as **Exhibit "3"**);

   b. Two (2) of the agents, Oscar Balli and Humberto Saganon, stated that they came on behalf of ROSENTHAL and handed her a business card from ROSENTHAL.  *Id* at p.4;

   c. CAZARES informed ROSENTHAL's agents that she was represented by STAPLETON.  Exhibit "3";

   d. ROSENTHAL's agents falsely replied that STAPLETON could not help her because ED STAPLETON "worked for the Government."  *Id*.

   e. ROSENTHAL's agent made the same representation to MARTINEZ.  *Id*.

   f. ROSENTHAL's agents offered CAZARES and MARTINEZ each $1,000.00 and offered to buy them a home or apartment in exchange for agreeing to be represented by ROSENTHAL.  Exhibit "3";

   g. CAZARES stated that she was threatened with violence by ROSENTHAL's agents.

   h. Based on the representation made by ROSENTHAL's agents, CAZARES and MARTINEZ signed a representation agreement with ROSENTHAL, however, after conferring with the Consulate of the Republic of Mexico, they both wished to be represented by STAPLETON;

That same day, through the Mexican Consulate, CAZARES and MARTINEZ the retained undersigned counsel to represent them in their claims in the instant action.

13. On July 27, 2012, STAPLETON filed suit on behalf of CAZARES and MARTINEZ in No. B-12-cv-149.  (DOC 1 in B-12-cv-149).  Later that day, at approximately 4:00 p.m., ROSENTHAL delivered correspondence to STAPLETON in Brownsville, Texas claiming to include a statement by CAZARES and MARTINEZ terminating STAPLETON's representation. *See* ROSENTHAL LETTER DATED JULY 27, 2012 (attached hereto as **Exhibit "4"**).  On July 30, 2012, ROSENTHAL delivered correspondence to STAPLETON in Brownsville, Texas stating that a criminal complaint had been filed in the Republic of Mexico against ED STAPLETON. *See* ROSENTHAL LETTER DATED JULY 30, 2012 (attached hereto as **Exhibit "5"**).  On information and belief, each of ROSENTHAL's correspondence contain blatant misrepresentations of fact and were delivered for the weak and improper purpose of attempting to intimidate STAPLETON and to delay his litigation of CAZARES and MARTINEZ's claims in No. B-12-cv-149, in addition to furthering ROSENTHAL's efforts to illegally secure the representation of CAZARES and MARTINEZ

V.
Counts

COUNT 1:      DECLARATORY JUDGMENT

14. Pursuant to 28 U,S.C. §§ 2201 and 2202 and Texas Government Code § 82.0651(a), plaintiffs, CAZARES, MARTINEZ and STAPLETON & STAPLETON, bring a declaratory judgment action asking the Court to declare the rights and other legal relations between them and defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, relating to the legal representation of plaintiffs, CAZARES and MARTINEZ, for injuries described in No. B-12-cv-149.  Plaintiffs, CAZARES and MARTINEZ, seek to have this Court declare any contract they

may be alleged to have with defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, to be void because it was procured as a result of conduct violating the laws of the State of Texas and/or the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas regarding barratry by attorneys or other persons.  Plaintiffs, CAZARES and MARTINEZ, also bring a declaratory judgment action asking the Court to declare that MARC G. ROSENTHAL and ROSENTHAL & WATSON are not entitled to any compensation with respect to plaintiffs' injuries as described in No. B-12-cv-149.

COUNT 2:    VIOLATION OF TEXAS GOVERNMENT CODE § 82.0651

15.    CAZARES and MARTINEZ incorporate by reference the factual allegations contained in the preceding paragraphs.  CAZARES and MARTINEZ belong to the class of persons Texas Government Code § 82.0651 was designed to protect and their injury is of the type the statute was designed to prevent.  The statute is one for which tort liability may be imposed when violated.  Defendants violated the statute without excuse.  Defendants' act or omissions proximately caused the CAZARES' and MARTINEZ's injury.  Therefore, defendants are liable to CAZARES and MARTINEZ for violation of Texas Government Code § 82.0651.

COUNT 3:    CIVIL CONSPIRACY

16.    CAZARES and MARTINEZ incorporate by reference the factual allegations contained in the preceding paragraphs.  Defendants, Oscar Balli and Humberto Saganon combined to accomplish an unlawful purpose or a lawful purpose by unlawful means.  Defendants had a meeting of the minds on the object or course of action of their combination.  Defendants committed an unlawful, overt act to further the object or course of action of their combination. CAZARES and MARTINEZ suffered injury as a proximate result of the wrongful act. Therefore, defendants are liable to CAZARES and MARTINEZ for civil conspiracy.

COUNT 3:    FRAUD

17.    CAZARES and MARTINEZ incorporate by reference the factual allegations contained in the preceding paragraphs.  Defendants made a representation to CAZARES and MARTINEZ.  The representation was material.  The representation was false.  When the defendants made the representation, the defendants either knew the representation was false or made the representation recklessly, as a positive assertion, and without knowledge of its truth.  The defendants made the representation with the intent that CAZARES and MARTINEZ act on it.  CAZARES and MARTINEZ relied on the representation.  The representation caused CAZARES and MARTINEZ's injury.   Therefore, defendants are liable to CAZARES and MARTINEZ for fraud.

COUNT 4:    NEGLIGENT MISREPRESENTATION

18.    CAZARES and MARTINEZ incorporate by reference the factual allegations contained in the preceding paragraphs.  Defendants made a representation to CAZARES and MARTINEZ in the course of defendants' business or in a transaction in which defendants had an interest.  Defendants supplied false information for the guidance of others.  Defendants did not exercise reasonable care or competence in obtaining or communicating the information.  CAZARES and MARTINEZ justifiably relied on the representation.  The representation proximately caused CAZARES' and MARTINEZ's injury.  Therefore, defendants are liable to CAZARES and MARTINEZ for negligent misrepresentation.

COUNT 5:    VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

19.    CAZARES and MARTINEZ incorporate by reference the factual allegations contained in the preceding paragraphs.  CAZARES and MARTINEZ allege that they are consumers under the provisions of the Texas Deceptive Trade Practices Act (hereafter "DTPA").  CAZARES and MARTINEZ has been injured by false, deceptive and misleading acts and practices by

defendants, as prohibited by Texas Business & Commerce Code § 17.46(b)(1)-(5), (12), (14) and (24). CAZARES and MARTINEZ relied on defendants' false, deceptive and misleading acts and practices to their detriment. Therefore, defendants are liable to CAZARES and MARTINEZ for violations of the DTPA.

COUNT 6:   TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

20. STAPLETON incorporates by reference the factual allegations contained in the preceding paragraphs. STAPLETON had a valid contract with CAZARES and MARTINEZ. Defendants' willfully and intentionally interfered with the contract. The interference proximately caused STAPLETON's injury. STAPLETON incurred actual damage or loss. Therefore, defendants are liable to STAPLETON for tortious interference with existing contract.

COUNT 7:   AGENCY

21. Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs. Defendants intentionally conferred authority to his/their agent(s) and intentionally allowed said agent(s) to believe he/they had authority, or by lack of due care allowed said agent(s) to believe he/they had authority. At and during the term of the acts and/or omissions complained of herein, any acts and/or omissions committed by any agent, representative or employee of defendant occurred within the scope of his/their agency. Therefore, defendants are liable to plaintiffs for the agent(s) actions.

22. If plaintiffs are mistaken in their previous allegations that any agent had actual authority to make, or caused to be made, or solicited for the purpose of entering into the representation agreement, and if any agent did not have actual authority, then plaintiffs aver that the agent(s) had apparent authority to execute, or caused to be executed, the representation agreement on defendants' behalf, because defendants clothed him/them with apparent authority by hiring this agent and sending him/them out to deal with the public and with plaintiffs on defendant's behalf.

As a result of defendants' clothing the agent(s) with apparent authority to execute, or caused to be executed, the representation agreement, plaintiffs believed the agent(s) was/were acting within the scope of his/their authority in entering into the contract with plaintiffs. Consequently, defendants are now estopped from denying the authority of the agent(s) to execute the contract on behalf of defendant.

Count 8: RESPONDENT SUPERIOR

23. At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee or agent of defendants occurred within the scope of general authority and for the accomplishment of the objectives for which such employee was employed. Defendants are therefore liable to plaintiffs for the acts and/or omissions of any such employee and/or agent complained of herein under the doctrine of respondent superior.

## VI.
## Damages

24. Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs. Defendants' acts and/or omissions, described above, when viewed from the standpoint of defendants at the time of said acts and/or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to plaintiffs and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of plaintiff and others. Therefore as a result of defendants' wrongful acts or omission for which plaintiff seeks to recover additional or exemplary damages, in an amount not less than the maximum amount permitted by applicable law based on the allegation of actual damages above.

25. Pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code and Texas Government Code § 82.0651(d)(2), plaintiffs are entitled to recover its reasonable and necessary attorneys' fees and costs associated with prosecuting this action.

26. Pursuant to TEX.FIN.CODE ANN. §§ 304.101 et seq.; *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex.1998), plaintiffs are entitled to recover pre-and post-judgment interest, at the statutory rate or at such other rate as is set by this Court.

VII.
Motion for Preliminary Injunction

27. Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs. Certain deadlines and time sensitive matters are pending in No. B-12-cv-149. Plaintiffs pray that the Court GRANT, after notice and all required parties are joined, a preliminary injunction prohibiting defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, their officers, agents, servants, employees & attorneys from contacting CAZARES and MARTINEZ, their family members or friends, and from interfering the STAPLETON's representation of CAZARES and MARTINEZ, in No. B-12-cv-149, until the merits of the instant action are determined. If said temporary restraining order or preliminary injunction are not granted, CAZARES and MARTINEZ will suffer actual, imminent and irreparable injury in that the litigation of No. B-12-cv-149 will be jeopardized. *See* AFFIDAVIT OF ED STAPLETON (attached hereto as **Exhibit "6"**). Plaintiffs have no adequate remedy at law in that effective relief cannot be obtained without filing multiple lawsuits. *Id*. The exhibits attached to this complaint demonstrate a substantial likelihood of success. STAPLETON has experience handling cases like No. B-12-cv-149, and was hired by the Mexican Consulate after an extensive investigation into the experience of several civil rights litigators. The Mexican Consulate has an interest in assuring that this type of claim is honestly and effectively handled so as to avoid the

type of claims ROSENTHAL brings. *Id*.; *See* ROSENTHAL LETTERS DATED AUGUST 1 AND 2, 2012 (attached hereto as **Exhibit "7"**)  ROSENTHAL will not suffer harm because he has no legal status in No. B-12-cv-149 or this matter.  Lastly, he injunctive relief requested would not adversely affect public policy or the public interest; to the contrary, it will advance the public interest by preventing barratry and the attendant abuse of clients and protect the national interests between the United States of America and the Republic of Mexico.

IX.
Prayer

WHEREFORE, PREMISES CONSIDERED, plaintiffs pray that that defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, A Professional Corporation, in its Assumed or Common Name, be cited to appear and that plaintiffs has judgment against defendants for:

- a statutory penalty in the amount of ten thousand dollars and no/100 ($10,000.00) assessed against each defendant;

- actual damages in an amount not less than the minimum jurisdictional limit of this Court;

- exemplary damages in an amount not less than the maximum amount permitted by applicable law based on the allegation of actual damages above;

- reasonable and necessary attorneys' fees;

- pre-judgment interest at the maximum rate of interest permitted by law;

- costs of suit;

- post-judgment interest, at the legal rate;

- an order declaring the rights and other legal relations between them and defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, relating to the legal representation of plaintiffs, CAZARES and MARTINEZ, for injuries described in the civil action pending in this court under the style *Ernestina Cazares Santillan, individually and as the surviving mother of Juan Pablo Perez Santillan and as successor-in-interest to the estate of Juan Pablo Perez Santillan,*

*Amada Carolina Martinez Morales, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of Juan Pablo Perez Santillan and successors-in-interest of the estate of Juan Pablo Perez Santillan v. The United States of America; Unknown Name Agents of the United States Border Patrol; United States Department of Homeland Security; United States Bureau of Customs and Border Protection; United States Border Patrol; United States Immigration and Customs Enforcement Agency; and United States Department of Justice*; IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION; Civil Action No. B-12-cv-149

- an order declaring plaintiffs' contract with MARC G. ROSENTHAL and ROSENTHAL & WATSON void; and
- an order declaring that MARC G. ROSENTHAL and ROSENTHAL & WATSON are not entitled to any compensation with respect to plaintiffs' personal injury claims.

Further, plaintiffs pray that the Court GRANT a temporary restraining order, and after notice and all required parties are joined, a preliminary injunction prohibiting defendants, MARC G. ROSENTHAL and ROSENTHAL & WATSON, their officers, agents, servants, employees & attorneys from contacting CAZARES and MARTINEZ, their family members or friends, and from interfering the STAPLETON's representation of CAZARES and MARTINEZ, in No. B-12-cv-149, until the merits of the instant action are determined. Lastly plaintiffs pray for any such other relief to which they may be entitled.

Respectfully submitted,

MATHEWS & WILLIS, P.C.
1650 Paredes Line Road, Ste. 102
Brownsville, Texas 78521
Ph: 956-982-4404
Fax: 956-982-0943

___/s/ David Willis______
David Willis
State Bar No. 24039455
Fed. ID: 36365
Attorney in charge for plaintiffs ERNESTINA CAZARES SANTILLAN, individually and as the surviving mother of JUAN PABLO PEREZ SANTILLAN and as successor-in-interest to the estate of JUAN PABLO PEREZ SANTILLAN, AMADA CAROLINA MARTINEZ MORALES, as mother and next friend of J*** C****** P**** M****** and N******* D****** P**** M******, minor children of JUAN PABLO PEREZ SANTILLAN and successors-in-interest of the estate of JUAN PABLO PEREZ SANTILLAN; STAPLETON & STAPLETON, a Texas General Partnership, and ED STAPLETON